W. A. WALKER and ANNA B. WALKER, Administratrix of M. A. Walker, v. J. W. BOWLES and Wife, AMANDA.

(Decided November 21, 1899.)

*Agency—Husband and Wife—Note Due Wife, Release by Husband—Evidence.*

Where the cause of action is a note given by defendants to secure, in part, the price of land sold by plaintiff and his deceased wife, and the defendants offer to prove that the husband, W. A. Walker, conducted the original transaction of sale to defendants, and also conducted an arrangement with a mortgage creditor of his wife, by which the mortgage was cancelled upon the relinquishment on her part of balance due on note in suit, and that this was done without objection from her: *Held*, that the proposed proof of agency amounted to more than a *scintilla*, and was competent.

CIVIL ACTION upon a note under seal, executed by defendants to M. A. Walker, deceased wife of W. A. Walker, tried before *Shaw, J.,* at May Term, 1899, of the Superior Court of IREDELL County.

The execution of the note was admitted, also partial payments thereon. The defendants allege that the balance of the note was adjusted by them with the husband, acting as agent of his wife, in her lifetime.

The proposed evidence of agency, upon objection by plaintiff, was excluded by the Court.

Defendants excepted. The excluded evidence is fully adverted to in the opinion.

There was a verdict for plaintiff for balance due on note. Judgment accordingly, and appeal by defendants.

*Messrs. Armfield & Turner,* for appellants.
*Messrs. W. G. Lewis* and *B. F. Long,* for appellees.

MONTGOMERY, J.   The real question which the case on appeal presents for our present consideration, is whether there was offered by the defendants any sufficient evidence in a reasonable view of it to warrant the jury to find an issue in their favor.   The action was brought upon a sealed promissory note executed by the defendants to Mary A. Walker, the plaintiff, for $506.53, the consideration expressed being a part of the purchase money for a tract of land conveyed by the plaintiff and her husband, W. A. Walker, to defendants. The execution of the note was admitted by the defendants, but they aver in their answer that it has been settled and paid. The manner of settlement, as it is set out in the answer, is, in substance, as follows:    That after the note was executed, the defendants became insolvent; that W. A. Walker, the husband of the plaintiff, and the defendant J. W. Bowles were debtors of Stimpson & Steele, and those creditors pressing for their debts agreed to take in payment the tract of land which the defendants had purchased from the plaintiff and her husband, and for which, in part, the note in suit was executed; that (in the language of the answer) "the defendants had paid to plaintiff a great amount upon said land, but nevertheless when payment was demanded by the firm of Stimpson & Steele from defendants and from the husband of the plaintiff these defendants went to the plaintiff and her husband and informed them that they were unable to make payment, but that said firm would take the land for which the note was executed, at a much less price than that contracted for by defendants, if defendants and plaintiff would allow the debts respectively due by defendants and plaintiffs to be taken into the purchase price by said firm;" that after a full conference between plaintiff and her husband and the defendants, an agreement was reached that the note in controversy should be considered paid, and that the defendants should con-

vey to Stimpson & Steele the land for which the note was in part executed; and that the possession of the property was surrendered and the deed executed according to the agreement.

In the reply, the plaintiff denied the matter set out in the answer.

Since the pleadings were filed, the original plaintiff has died, and her administrator, and also her husband, W. A. Walker, have been made parties-plaintiff.

The question then, as we have said, is, did W. A. Walker have authority from his wife to remit any part of the note due by the defendants to her? We have carefully read the evidence which the defendants offered, and which was rejected by the Court, and we have arrived at the conclusion that on the question of agency it would have amounted to more than a scintilla if it had been received, and that it was competent. The defendants offered to show that the defendants made the original trade for the land with W. A. Walker, the husband, and that he made the negotiations between his wife and the defendants and Stimpson & Steele, by which the defendants were to convey the tract of land, which they had purchased from the plaintiff, to Stimpson & Steele, by which arrangement the defendants and the plaintiff were to have their debts, due to Stimpson & Steele, discharged in full; that J. W. Bowles and his attorney, Mr. Caldwell, the Clerk of the Court, and W. A. Walker, met in the Clerk's office for the purpose of carrying out the last-mentioned agreement, and that at that time and at that place W. A. Walker had the note of his wife in his possession and signed a receipt entered thereon for $174.73; that the amount of the payment on the note was not received in cash, but was entered as a credit on the mortgage and note of Walker and wife to Stimpson & Steele. That witness also testified to numerous business

transactions which Walker had done for his wife, and that he (Walker) attended to her business in general.

M. K. Steele testified as follows: "I purchased this land, and Bowles and wife made me the deed, and Bowles negotiated the trade. I held the mortgage on Mr. and Mrs. Walker upon their land. The mortgage due us by Walker and wife was a part of the consideration paid by us for the Bowles land. We bought the land, and in the transaction all the debts that Bowles and Walker owed me were to be included in the settlement for the land. The mortgage was on the Luck land and we gave up the mortgage to Bowles and to W. A. Walker."

It appears from the whole evidence that, through the agreement made with Stimpson & Steele, the plaintiff had her debt to them which was secured by mortgage, cancelled and discharged; that she paid nothing for the discharge herself, and that the consideration of the discharge of her debt was the conveyance by the defendants of their land to the plaintiff's mortgage creditor.

It is unnecessary to discuss the other matter connected with the case, for the reason that there must be a new trial, and it is probable that, in that trial, such matter will not arise.

Error.